1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL FOOTE,

11              Petitioner,                    No. CIV S-11-1287 DAD P

12         vs.

13   MATTHEW CATE,

14              Respondent.                    ORDER

15   _____/

16              Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

18   pauperis.  Petitioner has consented to Magistrate Judge jurisdiction in this action pursuant to 28

19   U.S.C. § 636(c).  See Doc. No. 4.

20              Examination of the in forma pauperis application reveals that petitioner is unable

21   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

22   granted.  See 28 U.S.C. § 1915(a).

23              Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

24   dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to

25   it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing

26   Section 2254 Cases.  Thus, Rule 4 "'explicitly allows a district court to dismiss summarily the

1

1   petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418,

2   420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

3   Moreover, the Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition

4   for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4;

5   a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are

6   considered; or a dismissal after consideration of the pleadings and an expanded record."

7           In his May 13, 2011 petition, petitioner raises a due process challenge to former

8   Governor Arnold Schwarzenegger's March 30, 2010 reversal of the November 5, 2009 decision

9   by the California Board of Parole Hearings ("Board") to grant petitioner parole. (Doc. No. 1 at

10  17-72.) Petitioner claims that the Governor's decision violated his right to due process because it

11  was not supported by "some evidence" that petitioner posed a current danger to society if

12  released from prison, as required under California law. A review of the record before the court

13  reflects that petitioner's allegations plainly do not entitle him to federal habeas corpus relief.

14  Accordingly, his petition will be dismissed pursuant to habeas Rule 4.

15          The Due Process Clause of the Fourteenth Amendment prohibits state action that

16  deprives a person of life, liberty, or property without due process of law. A litigant alleging a

17  due process violation must first demonstrate that he was deprived of a liberty or property interest

18  protected by the Due Process Clause and then show that the procedures attendant upon the

19  deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson,

20  490 U.S. 454, 459-60 (1989).

21          A protected liberty interest may arise from either the Due Process Clause of the

22  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

23  expectation or interest created by state laws or policies." Wilkinson v. Austin,  545 U.S. 209,

24  221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States

25  Constitution does not, of its own force, create a protected liberty interest in a parole date, even

26  one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

1   Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

2   person to be conditionally released before the expiration of a valid sentence.").  However, a

3   state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

4   will be granted" when or unless certain designated findings are made, and thereby gives rise to a

5   constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

6          California's parole scheme gives rise to a liberty interest in parole protected by the

7   federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

8   Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.

9   Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in

10  this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639

11  F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that

12  California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release

13  on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence,

14  44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

15          In Swarthout, the Supreme Court reviewed two cases in which California

16  prisoners were denied parole - in one case by the Board, and in the other by the Governor after

17  the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that

18  when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

19  requires fair procedures, "and federal courts will review the application of those constitutionally

20  required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the

21  procedures required are minimal" and that the "Constitution does not require more" than "an

22  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

23  Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

24  decisions that went beyond these minimal procedural requirements and "reviewed the state

25  courts' decisions on the merits and concluded that they had unreasonably determined the facts in

26  light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

1    the application of the "some evidence" standard to parole decisions by the California courts as a

2    component of the federal due process standard.  Id. at 862-63.[1]  See also Pearson, 639 F.3d at

3    1191.

4            As noted above, petitioner seeks federal habeas relief on the grounds that the

5    Governor's 2010 reversal of the Board's decision to grant him parole, and the findings upon

6    which that reversal was based, were not supported by "some evidence" as required under

7    California law.  However, under the Supreme Court's decision in Swarthout this court may not

8    review whether California's "some evidence" standard was correctly applied in petitioner's case.

9    131 S. Ct. at 862-63; see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642

10    F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the

11    context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner

12    to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]");

13    Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011) (under the decision in Swarthout,

14    California's parole scheme creates no substantive due process rights and any procedural due

15    process requirement is met as long as the state provides an inmate seeking parole with an

16    opportunity to be heard and a statement of the reasons why parole was denied); Pearson, 639

17    F.3d at 1191 ("While the Court did not define the minimum process required by the Due Process

18    Clause for denial parole under the California system, it made clear that the Clause's requirements

19    were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest

20    the evidence against them, were afforded access to their records in advance, and were notified as

21    to the reasons why parole was denied.'")

22

23        [1]   In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
years the Ninth Circuit had consistently held that in order to comport with due process a state parole
24    board's decision to deny parole had to be supported by "some evidence," as defined in
Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
25    Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895,
904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission
26    setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

1    The federal habeas petition pending before the court in this case reflects that at his

2  2009 parole suitability hearing petitioner was given the opportunity to be heard and received a

3  statement of the reasons for the Board's suitability decision.  (Doc. No. 1 at 101-202.)  That

4  record also reflects that petitioner received a document from the Governor's office which

5  explained the reasons supporting the Governor's reversal of the Board's 2009 decision granting

6  parole.  (Id. at 207-10.)  That is all the process that was due petitioner under the Constitution.

7  Swarthout, 131 S. Ct. 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1046; Pearson,

8  639 F.3d at 1191.  This is true even though petitioner is challenging the Governor's reversal, and

9  not a decision by the Board.  Swarthout, 131 S. Ct. at 860-61; see also Pearson, 639 F.3d at 1191.

10    Accordingly, the pending petition will be dismissed because it plainly appears

11  from the face of the petition and the exhibits annexed to it that the petitioner is not entitled to

12  federal habeas relief with respect to his due process claim.[2]

13    For the reasons set forth above, IT IS HEREBY ORDERED that:

14    1.  Petitioner's application for writ of habeas corpus (Doc. No. 1) is dismissed;

15  and

16    2.  This action is closed.

17  DATED: July 19, 2011.

18

19

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

20  DAD:8
   foote1287.100

21

22    [2] At one point in his petition, petitioner states that he is "factually governed by the Ex Post
   Facto Clause and Retroactive Due Process, of the U.S. Const., Art. I, § 10, Amends. 5th and 14th;
23  Calif. Const., Art. I, § 7(a), § 9, expressively under the 1978 California Penal Code and CRB
   guidelines and regulations of the 15 CCR."  (Doc. No. 1 at 60.)  At another point, petitioner states
24  that "The Governor's reversal of parole, pursuant to the review authority afforded, constitutes a
   violation of the Ex Post Facto provisions of the Federal and State Const."  (Id. at 67.)  These
25  allegations are vague, conclusory, and unsupported by facts or argument, and are therefore
   insufficient to state a claim for habeas relief based on a violation of the Ex Post Facto Clause.
26  Accordingly, any such claim is also summarily dismissed.